**THIS ORDER IS DENIED.**

**SIGNED this 27th day of July, 2018.**



_____
Robert D. Berger
United States Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re<br><br>JOHN Q. HAMMONS FALL 2006, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-21142 (RDB)<br>*Jointly administered* |
| THE REVOCABLE TRUST OF JOHN Q. HAMMONS DATED DECEMBER 28, 1989 AS AMENDED AND RESTATED;<br><br>Plaintiff,<br><br>vs.<br><br>JWJ HOTEL HOLDINGS INC. f/k/a AJJ HOTEL HOLDINGS, INC.; MICHAEL KAMMERER, in his capacity as CO-MANAGER OF W&H REALTY, LLC; and W&H REALTY, LLC;<br><br>Defendants. | Adversary Proceeding No. 18-6055 |

**TEMPORARY RESTRAINING ORDER BARRING DEFENDANTS JWJ HOTEL HOLDINGS INC. f/k/a AJJ HOTEL HOLDINGS, INC., MICHAEL KAMMERER, AND W&H REALTY, LLC FROM FURTHER PROCEEDINGS IN THE UNITED STATES <u>DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO</u>**

Upon the Motion (the "Motion")[1] of the above-captioned Plaintiff the Revocable Trust of John Q. Hammons, Dated December 28, 1989, as amended and restated ("JQH Trust"), for entry of an order temporarily restraining and thereafter preliminarily enjoining Defendants JWJ Hotel Holdings Inc. f/k/a AJJ Hotel Holdings, Inc. ("AJJ"), Michael Kammerer, in his capacity as Co-Manager of W&H Realty, LLC ("Kammerer"), and W&H Realty, LLC ("WHR" and collectively with AJJ and Kammerer, the "Defendants") from proceeding in any way on their claims or other requested relief in the action captioned *JWJ Hotel Holdings, Inc. v. W&H Realty, LLC, et al.*, 1:18-cv-00454-TSB, pending in the United States District Court for the Southern District of Ohio (the "Ohio District Court Action") including but not limited to any motions filed by the Defendants in the Ohio District Court Action, and seeking other relief, all as more fully set forth in the Motion; the Court, having reviewed the Motion and supporting materials; and the Court having determined that the relief requested in the Motion is in the best interest of Debtor JQH Trust and its estate and parties-in-interest, the Court finds and orders as follows:

1. The Plaintiff JQH Trust will suffer irreparable harm if the Defendants continue to proceed in any way on their claims or other requested relief in the Ohio District Court Action, including but not limited to any motions filed by the Defendants in the Ohio District Court Action, and the Defendants will not be harmed by the entry of this Order, all as set forth in the Motion.

2. The Plaintiff JQH Trust has shown a substantial likelihood of prevailing on its allegations that in proceeding with the Ohio District Court Action the Defendants are violating (i) the automatic stay of 11 U.S.C. § 362(a) in place in the bankruptcy case of Plaintiff JQH Trust and (ii) this Court's Corrected Order Confirming Modified Amended Joint and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Consolidated Chapter 11 Plans of Reorganization for all Debtors Filed by Creditor JD Holdings, L.L.C. (the "Confirmation Order") (ECF Doc. 2188) and more particularly the injunction in Paragraph 22(a) of the Confirmation Order.

3. The Court has exclusive jurisdiction of this Action pursuant to 28 U.S.C. § 1334(e) because at issue is the JQH Trust's 50% interest and its management rights in WHR (property of the JQH Trust's estate) and the JQH Trust's Complaint seeks entry of an order preventing the Defendants from exercising control over property of the JQH Trust's estate.

4. Notice of the Motion was good and sufficient under the particular circumstances and no other or further notice need be given.

Upon the record presented to the Court and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Court hereby enters a temporary restraining order and bars Defendants from from proceeding in any way on their claims or other requested relief in the Ohio District Court Action, including but not limited to any motions filed by the Defendants in the Ohio District Court Action, for a period of fourteen (14) days, pending further order of this Court.

3. The Plaintiff JQH Trust shall not have to post a bond pursuant to Federal Rule of Bankruptcy Procedure 7065.

4. The Court hereby sets a hearing to consider Plaintiff JQH Trust's request for a preliminary injunction against the Defendants for _____, 2018 at __ o'clock __.m.

IT IS ORDERED

# # #

SUBMITTED BY:

STINSON LEONARD STREET LLP

By: /s/ Nicholas J. Zluticky
Mark Shaiken KS # 11011
Nicholas Zluticky KS # 23935
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
mark.shaiken@stinson.com
nicholas.zluticky@stinson.com

*Counsel for Plaintiff JQH Trust*